# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOHN WANT                                                                                    PETITIONER
#A201

v.                                          4:20-cv-00696-KGB-JJV

STATE OF ARKANSAS                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   BACKGROUND

Petitioner John Want, a detainee at the W.C. "Dub" Brassell Adult Detention Center, faces pending charges in the Circuit Court of Jefferson County, Arkansas. *See State of Arkansas v. John Charles Want, III*, 35CR-19-241, http://caseinfo.arcourts.gov. Before the Court is his *pro se* "Motion for Dismissal," which has been docketed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Mr. Want alleges a violation of Arkansas's speedy-trial rules and seeks dismissal of his state charges with an absolute bar to prosecution. (*Id*. at 1-3.) He also seeks "compassionate release" on the basis of the COVID-19 pandemic. (*Id*. at 3.)

I have conducted a preliminary review of Mr. Want's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it plainly appears Mr. Want is not entitled to relief. Accordingly, I recommend the Petition be dismissed without prejudice.

### II.  ANALYSIS

Mr. Want's Petition is not a viable habeas corpus petition. First, § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Because Mr.

Want is a pretrial detainee and is not held in custody pursuant to a state court judgment, he does not fit the basic requirements for habeas corpus relief under that section.

Moreover, even if Mr. Want's Petition were construed as one pursuant to 28 U.S.C. § 2241, which is available to a pretrial detainee, his claim would fare no better. *See McKee v. Kelley*, No. 4:19CV00075-KGB-JJV, 2019 WL 3824186, at 2 (E.D. Ark. Aug. 15, 2019) ("A state court defendant attempting to litigate the authority of his pretrial detention may bring a *habeas* petition pursuant to 28 U.S.C. § 2241."). This is because he fails to allege a violation of federal law and asserts only a violation of state speedy-trial rules, which, "taken alone, does not present a federal claim reviewable [i]n habeas." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994), *cert. denied*, 514 U.S. 1024 (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")).

Additionally, the rule of *Younger v. Harris*, 401 U.S. 37 (1971), generally requires a federal court to abstain from interfering in an ongoing state court prosecution. Rooted in principles of comity and federalism, *Younger* holds that injunctive relief is unavailable unless a petitioner can show he will suffer "irreparable injury" absent injunction. *Id*. at 46. Where a federal injunction is sought against ongoing criminal proceedings in state court, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* (internal citation and quotation marks omitted). Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Courts have defined "unusual circumstances" narrowly. Claims involving double jeopardy, for example, are permitted because the right cannot be fully vindicated on appeal after final judgment. *See, e.g.*, *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause.") (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992)).

A federal court can also entertain a pretrial habeas petition in which a petitioner alleges a violation of his constitutional right to speedy trial, but only if the requested relief is an immediate trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-93 (1973); *Atkins v. People of State of Michigan*, 644 F.2d 543, 546-48 (6th Cir. 1981). When a petitioner asserts a violation of his right to a speedy trial and seeks dismissal of the charges against him, he must wait to file a federal habeas corpus petition until after his state trial has been completed and the case has been concluded in the state courts. *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 n. 5 (1st Cir. 2000); *Briley v. Arkansas*, No. 5:04CV00255-BRW, recommended disposition (E.D. Ark. Aug. 13, 2004), adopted by order of district court (E.D. Ark. Sept. 3, 2004),

*aff'd*, No. 04-3647 (8th Cir. July 21, 2005) (unpublished); *Amos v. Outlaw*, No. 2:07CV00109-JLH-JFF, 2007 WL 3102198, at 4 (E.D. Ark. Oct. 23, 2007). As previously stated, Mr. Want requests dismissal of his pending state charges with an absolute bar to prosecution. Therefore, his claim would not be excepted from *Younger*, even if it were a constitutional claim.

Under *Younger*, absent those unusual circumstances, state officials charged with the duty of prosecuting state offenders "must decide when and how this is to be done." 401 U.S. at 45. Rather than seeking intervention from the federal courts, the accused should "set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection." *Id*. (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). This Mr. Want has not done. From my review of state court records, he has not raised a speedy trial claim in his criminal case, and he has not advanced an argument as to why this course would not afford him adequate protection. *Younger* abstention is appropriate.

Finally, Mr. Want has not provided any authority supporting his request for compassionate release, and none exists. The federal compassionate release statute, 18 U.S.C. § 3582(c), applies only to federal prisoners incarcerated at the Bureau of Prisons.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Want has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Want's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

2. A certificate of appealability not be issued.

DATED this 17th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE