IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN WANT**                                                        **PLAINTIFF**
**#A201**

v.                                      Case No. 4:20-cv-00696-KGB

**STATE OF ARKANSAS**                                         **DEFENDANT**

## ORDER

Before the Court are Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe regarding plaintiff John Want's petition for writ of habeas corpus (Dkt. Nos. 2; 4).  Mr. Want has filed objections (Dkt. No. 5).  After careful review of the Proposed Findings and Recommendations and Mr. Want's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 4).  Accordingly, the Court dismisses without prejudice Mr. Want's petition for writ of habeas corpus (Dkt. No. 2).

**I.     Background**

Mr. Want, a detainee at the W.C. Brassell Adult Detention Center, faces pending charges in the Circuit Court of Jefferson County, Arkansas.  *See State of Arkansas v. John Charles Want, III*, 35CR-19-241.  Before the Court is Mr. Want's motion for dismissal pursuant to Arkansas Rules of Criminal Procedure 24.3, 28.1, 28.2, 28.3, 30.1, Arkansas Rule of Appellate Procedure 1, and compassionate release (Dkt. No. 1).  This motion has been docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (*Id.*).  Mr. Want alleges a violation of Arkansas's speedy trial rules, and Mr. Want seeks dismissal of his state charges with an absolute bar to prosecution (*Id.*, at 1-3).  Mr. Want also seeks compassionate release on the basis of the COVID-19 pandemic (*Id.*, at 3).

**II.     Proposed Findings And Recommendations**

Judge Volpe reviewed Mr. Want's habeas petition, and Judge Volpe recommends dismissing without prejudice Mr. Want's petition (Dkt. No. 4). First, Judge Volpe notes that § 2254 habeas relief is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Mr. Want is a pretrial detainee, and Mr. Want is not held in custody pursuant to a state court judgment (Dkt. No. 4, at 2-3). Thus, Judge Volpe concludes that Mr. Want does not fit the basic requirements for § 2254 habeas relief (*Id.*, at 3*).*

Judge Volpe notes that habeas relief is available to a pretrial detainee pursuant to 28 U.S.C. § 2241 (*Id.*). *See McKee v. Kelley*, No. 4:19CV00075-KGB-JJV, 2019 WL 3824186, at *2 (E.D. Ark. Aug. 15, 2019) ("A state court defendant attempting to litigate the authority of his pretrial detention may bring a *habeas* petition pursuant to 28 U.S.C. § 2241."). Such a petitioner must be "in custody" and must have exhausted her available state remedies. *See Reed v. Fox*, No. 2:12-cv-00191-KGB-JTK, 2013 WL 3853207, at *2 (E.D. Ark. July 13, 2013); 28 U.S.C. § 2241(c). However, to pursue such habeas relief, a petitioner must allege a federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). Mr. Want asserts only violations of state-speedy trial procedures and the Arkansas Rules of Criminal Procedure, and "[v]iolation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986)). Accordingly, Mr. Want's failure to allege any federal claims leaves § 2241 relief unavailable.

In addition to these habeas conclusions, Judge Volpe notes that *Younger v. Harris*, 401 U.S. 37 (1971), generally requires federal courts to abstain from interfering in ongoing state prosecutions (Dkt. No. 4, at 3). *Younger* holds that federal injunctive relief regarding a state criminal proceeding is unavailable unless a petitioner can demonstrate that she will suffer "irreparable injury" that is both "great and immediate" absent an injunction. 401 U.S. at 46. In those circumstances, "[t]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 145-47 (1908)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). However, a federal court can entertain a pretrial habeas petition in which a petitioner alleges a violation of her constitutional right to speedy trial when the requested relief is an immediate trial. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-93 (1973); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546-48 (6th Cir. 1981). When a petitioner asserts a violation of her right to speedy trial and seeks dismissal of the charges against her as a result, the petitioner must wait to file a federal habeas corpus petition until after her state trial has been completed and the case has concluded in the state courts. *See In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 n.5 (1st Cir. 2000); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980); *Amos v. Outlaw*, No. 2:07CV00109-JLH-JFF, 2007 WL 3102198, at *4 (E.D. Ark. Oct. 23, 2007); *Briley v. Arkansas*, No. 5:04CV00255-BRW (E.D. Ark. Aug. 13, 2004), *recommendation adopted*, (E.D. Ark. Sept. 3, 2004), *aff'd*, No. 04-3647 (8th Cir. July 21, 2005) (unpublished). Because Mr. Want seeks dismissal of his pending state charges prior to the conclusion of his case in state court, Judge

Volpe concludes that Mr. Want's requested relief would be inappropriate under *Younger* even if he asserted federal or constitutional grounds for such relief (Dkt. No. 4, at 4-5). *Younger* abstention is appropriate where, as here, Mr. Want has not raised a speedy trial claim in his pending state criminal case and has not advanced an argument as to why this course of action would not afford him adequate protection (*Id.*, at 5).

Additionally, Judge Volpe notes that Mr. Want has not provided any authority supporting his request for compassionate release and concludes that none exists as the federal compassionate release statute, 18 U.S.C. § 3582(c), applies only to federal prisoners incarcerated at the Federal Bureau of Prisons (*Id.*).

Finally, Judge Volpe considers the propriety of issuing a certificate of appealability (*Id.*). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Judge Volpe finds no issue on which Mr. Want has made a substantial showing of the denial of constitutional right and recommends that no certificate of appealability should issue (*Id.*).

### III.     Objections

The Court writes separately to address Mr. Want's objections (Dkt. No. 5). In his objections, Mr. Want reasserts many of his underlying arguments. Mr. Want claims that the trial court has failed to have him tried and convicted in a timely manner; that the Arkansas Constitution guarantees him the right to a speedy and public trial; that all men are created equally free and independent and have certain inherent and inalienable rights, appearing to quote the Declaration of Independence; that no just cause exists for putting off Mr. Want's case or for willful misconduct

by the prosecution; that the Arkansas Constitution guarantees that all persons are equal before the law; that being held in city or county jail for 14 months without being adjudicated does not constitute due process of law; that being held with excessive bail and deprived of due process of law is a violation of his rights; that 14 months passing is a miscarriage of justice; and that this case should have been dismissed before now (*Id.*). Mr. Want's objections fail to address Judge Volpe's conclusions, and the Court sees no basis in the law or facts to reject or modify Judge Volpe's recommendations. Accordingly, the Court overrules Mr. Want's objections (Dkt. No. 5).

### IV. Conclusion

It is therefore ordered that:

1. The Court dismisses Mr. Want's 28 U.S.C. § 2254 petition for writ of habeas corpus without prejudice and denies the requested relief (Dkt. No. 1);

2. The Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 4);

3. The Court overrules Mr. Want's objections (Dkt. No. 5); and

4. The Court declines to issue a certificate of appealability.

It is so ordered this 26th day of January, 2021.

_____
Kristine G. Baker
United States District Judge